UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEE CARD,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE JASON CHIN, et al.,<br><br>Defendants. | Case No. 23-cv-05760-AMO (PR)<br><br>**ORDER OF DISMISSAL** |

## I. INTRODUCTION

Plaintiff Christopher Lee Card, who is in custody at the Santa Rita Jail, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1] He has also filed a motion for leave to proceed *in forma pauperis* ("IFP"), which will be granted in a separate written Order. In the case at bar, Card seeks monetary damages, injunctive relief as well as punitive damages. Dkt. 1 at 6.[2] Card also requests an "emergency injunction." *Id.* at 1. The Court now reviews Card's complaint pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Court **DISMISSES** the complaint.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

---

[1] Card also filed another civil right action against the Union City Police Department and two Union City Officers, in which he that alleged that Defendants violated his constitutional rights by illegally arresting him or conducting an illegal search. *See* Dkt. 1 in *Card v. Union City Police Department*, Case No. 23-cv-05613-AMO (PR). On May 7. 2024, the Court dismissed the federal claims in Case No. 23-cv-05613-AMO (PR) as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See* Dkt. 10 in Case No. 23-cv-05613-AMO (PR).

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Card.

1  § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims
2  that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek
3  monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2).
4  *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*,
5  901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Card's Claims

#### 1. Background

Since the time Card filed this action on November 8, 2023 and to date, he has been incarcerated at Santa Rita Jail. Dkt. 1 at 1. Card's complaint is handwritten and, at times, difficult to decipher. *See generally* Dkt. 1. From what the Court could decipher, this action does not involve Card's challenge to the conditions of his confinement. Instead, his complaint for injunctive relief and monetary/punitive damages asserts numerous claims about the criminal case against him.

Card alleges that on June 16, 2023, he faced unspecified charges in the Alameda County Superior Court, but the judge either removed his public defender or allowed Card to represent himself. *Id.* at 5. Sometime in either June, July, or October 2023, Card was interviewed by two different psychologists: Dr. Amy Watt and Dr. Marlin Griffith. *Id.* After various court proceedings involving Card's mental competency, Alameda County Judge Jason Chin found Card incompetent to stand trial on an unspecified date. *Id.* at 6. Card additionally claims the following:

> Being that Judge Chin said "on the record" that he had [Dr.] Watt's report that found me competent, then on 8/11/23 he began a collusion with Joshi Valentine, Sue Ra, Kevin Ikuma, and [Dr.] Amy Watt to deprive [Card] of [his] right to have . . . due process of law, when [the judge] negate[d] [Card's] 7/10 evaluation with Watt citing a false claim that "[Card] refused to meet with Watt." when [the judge] was the person who told the court on 7/28/23 that "he had [the report]" and "Dr. Watt found [Card] competent."

1  *Id.*  Thus, Card seeks monetary damages and

> an injunction to stop the deprivation of [his] civil rights, and to force Judge Chin to honor [Card's] due process . . . rights regarding [Dr.] Amy Watt's first report that [the judge] claimed to have received and stated [Card] being competent to stand trial, [and] because of both [Dr.] Watt and Dr. Griffith's false reports of [Card] being incompetent, [Card is] now "unlawfully" being scheduled for placement in a mental institution on 11/3/23; and it is illegal . . . .

*Id.*[3]  Card also requests the Court "please make Judge Chin stop any placement orders or trying to force [Card] to take medication that [he] does not need . . . ."  *Id.*  Card also seeks punitive damages.  *Id.*

Card names the following as Defendants: Judge Chin; Alameda County Deputy District Attorney Ikuma; Alameda County Public Defenders Ra and Valentine; and Alameda County Psychologists Drs. Watt and Griffith.  *Id.* at 2-3.  Card claims that these aforementioned Defendants participated in "conspiracy; judicial misconduct; collusion resulting in deprivation of civil rights; perjury; falsification of documents; abuse of process; [and] attorney misconduct."  *Id.* at 4.

### 2. Analysis of Claims Relating to Criminal Case Against Card

#### a. *Younger* Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.  *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971).  Requests for declaratory relief that would interfere with ongoing state criminal proceedings are subject to the same restrictions that govern requests for injunctive relief.  *See Samuels v. Mackell*, 401 U.S. 66, 71–74 (1971); *Perez v. Ledesma*, 401 U.S. 82, 86 n. 2 (1971).

*Younger* requires that federal courts refrain from enjoining or otherwise interfering with ongoing state criminal proceedings where three conditions are met: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the plaintiff has

---

[3] As mentioned above Card is still in custody at Santa Rita Jail as indicated in his latest filing, *see* Dkt. 7, and thus, contrary to his allegations, there is no indication that he had been transferred any "mental institution" on November 3, 2023.

the opportunity to raise his federal constitutional concerns in the ongoing proceedings. *Middlesex County Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 432 (1982); *Dubinka v. Judges of Superior Court of State of Cal. for County of Los Angeles*, 23 F.3d 218, 223 (9th Cir. 1994).

Here, all three prongs of the *Younger* abstention test are met. First, the state criminal proceedings are still ongoing in the Alameda County Superior Court. Second, the criminal prosecution involves important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief") (citing *Younger*, 401 U.S. at 44-45). Third, Card can present his claims in the state trial and appellate courts.[4]

Even when the three-pronged test is satisfied, however, a party may avoid application of the abstention doctrine if he can show that he would suffer "irreparable harm" that is both "great and immediate" if the federal court declines jurisdiction, that there is bad faith or harassment on the part of the state in prosecuting him, or that the state tribunal is biased against the federal claim. *See Middlesex*, 457 U.S. at 437; *Kugler v. Helfant*, 421 U.S. 117, 124–25 (1975); *Younger*, 401 U.S. at 46. Here, Card does not make any plausible non-conclusory allegation of irreparable harm, bad faith, harassment, or bias of the tribunal. *See generally Younger*, 401 U.S. at 46, 53–54 (cost, anxiety and inconvenience of criminal defense is not the kind of special circumstance or irreparable harm that would justify federal intervention). The *Younger* factors weigh strongly against interfering with California's criminal justice system. Thus, *Younger* abstention is warranted. *See Juidice v. Vail*, 430 U.S. 327, 348 (1977) (where a district court finds *Younger* abstention appropriate, the court may not retain jurisdiction and should dismiss the action).

---

[4] A fourth requirement has also been articulated by the Ninth Circuit: that "the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases) *abrogated on other ground by Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013), *and ReadyLink Healthcare, Inc. v. State Compensation Insurance Fund*, 754 F.3d 754 (9th Cir. 2014). That requirement is satisfied because the relief sought by Card—including various requests for injunctive relief involving this Court directing a state court judge to "stop placement orders" or to keep from "trying to force [Card] to take medication that [he does] not need"—plainly would interfere with the state criminal case in a way that *Younger* disapproves. *See* Dkt. 1 at 6.

4

1    Therefore, the Court **DISMISSES** Card's claims for injunctive relief.

### b. Other Bars to Relief

There are additional bars to Card's claims for monetary damages regarding the criminal proceedings.

Card's claims against Judge Chin concern decisions he made while presiding over Card's criminal case. Because those decisions were made in Judge Chin's judicial capacity, Judge Chin has absolute immunity. *See Pierson v. Ray,* 386 U.S. 547, 553-55 (1967). Accordingly, those claims are **DISMISSED**.

Similarly, Card's claims against Defendant Ikuma are **DISMISSED** because a prosecutor performing an advocate's role is an officer of the court entitled to absolute immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993). Prosecutors therefore are absolutely immune from liability for their conduct as "advocates" during the initiation of a criminal case, as is the case here. *See id.*; *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

Additionally, Card cannot state a claim for relief under section 1983 against his public defenders for their allegedly deficient representation of Card because none of them are state actors. A public defender does not act under color of state law, an essential element of a claim under section 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments, or even in the initial representation to determine a client's mental competency (such as in this action). *See Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981).

Furthermore, the court-appointed psychologists who examined Card have absolute immunity for the alleged perjury in their statements to the superior court. A witness is absolutely immune from liability for his testimony in earlier state or federal court proceedings even if he committed perjury. *See Briscoe v. LaHue*, 460 U.S. 325, 329-46 (1983) (police officer witness at trial); *Holt v. Castaneda*, 832 F.2d 123, 127 (9th Cir. 1987) (police officer witness at probable cause hearing); *Burns v. County of King*, 883 F.2d 819 (9th Cir. 1989) (social worker preparing affidavit for use at bail revocation proceeding).

### III. CONCLUSION

For the reasons set forth above, this action is **DISMISSED** because *Younger* abstention is warranted as to Card's claims for injunctive relief.

The Court **DISMISSES** without leave to amend all claims for monetary damages against Judge Chin, the deputy district attorney, the public defenders, and the court-appointed psychologists. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal.  But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").

Further, the Court **CERTIFIES** that any *in forma pauperis* appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

Finally, Card's conclusory request (on the caption of his complaint) for an "emergency injunction" is **DENIED** as moot.  Dkt. 1 at 1.

The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

**Dated:** May 14, 2024

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge